UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL A. CHARNEY,   )
                     )   No. CV-07-171-LRS
        Plaintiff,   )
                     )   **ORDER OF DISMISSAL**
   vs.               )
                     )
LEOLA B. KEICER,     )
                     )
        Defendant.   )
_____)

Plaintiff has filed a "Complaint" (Ct. Rec. 5) *pro se* and *in forma pauperis*. The named defendant is apparently the Plaintiff's mother who apparently obtained a guardianship over her adult son through state court proceedings conducted in Knoxville, Tennessee. It appears Plaintiff wants to have this guardianship revoked, contending he was deprived of due process in the guardianship proceeding.

The *Rooker-Feldman* doctrine bars this court's review of a state court guardianship proceeding. If Plaintiff wants to have this guardianship revoked, this is relief which needs to be pursued in the appropriate state courts of Tennessee. A losing party in state court is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal constitutional rights (i.e., due process rights) which were "inextricably intertwined" in the state court proceedings. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994). "Judicial errors committed in state courts are for correction in the state court systems." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Here, the

**ORDER OF DISMISSAL-**            **1**

Plaintiff is asking for relief which would effectively reverse state court decisions or void their rulings.

The *Rooker-Feldman* doctrine is jurisdictional and this court is therefore obligated to raise it *sua sponte*. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1990). This court does not have subject matter jurisdiction to entertain Plaintiff's claims and therefore, his complaint and this action are **DISMISSED without prejudice**. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)(dismissal for lack of subject matter jurisdiction should be "without prejudice so that a plaintiff may reassert his claims in a competent court"). Plaintiff needs to assert his claims in a competent Tennessee state court (trial or appellate court as the case may be).

**IT IS SO ORDERED.** The District Executive shall forward copies of this order to the plaintiff and close this file.

**DATED** this ___21st___ of December, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL-**            **2**